UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BRANDON STILL,                      :
                                    :
          Petitioner,               :     Civ. No. 13-6226 (NLH)
                                    :
     v.                             :     OPINION
                                    :
BEVERLY HASTINGS, et al.,           :
                                    :
          Respondents.              :
_____:


APPEARANCES:
Brandon Still, #452597
East Jersey Prison
Lock Bar R
Rahway, NJ 07065
     Petitioner, pro se


HILLMAN, District Judge

     This matter is before the Court pursuant to Petitioner

Brandon Still's submission of a Petition (ECF No. 1) for writ of

habeas corpus, under 28 U.S.C. § 2254, challenging his state

court conviction for felony murder and related offenses.  For

the reasons set forth below, the Petition will be denied.

     I.     FACTUAL BACKGROUND and PROCEDURAL HISTORY

     A detailed discussion of the factual background of this

case is set forth in the appellate court's decision on direct

appeal, see State v. Still, No. A-5456-02T3, 2006 WL 848368

(N.J. Super. Ct. App. Div. Apr. 3, 2006), and such a

1

comprehensive recitation is not relevant to the matter presently before this Court.  Accordingly, only the facts and procedural history relevant to this § 2254 petition are set forth below.

On or about March 19, 2002, grand jurors of the State of New Jersey in the County of Atlantic returned a six count Superseding Indictment, No. 02-03-0562, charging Petitioner with: (1) Count One: first degree murder, N.J.S.A. 2C:11-3a(1)(2); (2) Count Two: felony murder, N.J.S.A. 2C:11-3(a)(3); (3) Count Three: first degree robbery, N.J.S.A. 2C:15-1; (4) Count Four: second degree possession of a weapon for unlawful purposes, N.J.S.A 2C:39-4a; (5) Count Five: third degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-5(b); and (6) Count Six: first degree conspiracy, N.J.S.A. 2C:5-2.

Following a jury trial, Petitioner was found guilty of Count One, second degree reckless manslaughter (amended from murder), N.J.S.A. 2C:11-4(b)(1); Count Two, felony murder, N.J.S.A. 2C:11-3(a)(3); Count Three, first degree robbery, N.J.S.A. 2C:15-1; Count Four, second degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a); and Count Five, third degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).  At sentencing, the trial judge merged the convictions for reckless manslaughter (Count One), robbery (Count Three), and possession of a firearm for an unlawful

purpose (Count Four), into the conviction for felony murder (Count Two).  The Court imposed a forty-five year term of incarceration, with a period of parole ineligibility of thirty years, for the felony murder and merged convictions (Count Two); and imposed a concurrent five year prison term for the conviction for third degree unlawful possession of a weapon (Count Five).  Petitioner appealed.

Petitioner raised six arguments on appeal: (1) that the trial court erred in denying his motion to dismiss the indictment on the ground of grand juror bias; (2) that the trial court committed reversible error in admitting into evidence a quantity of bullets seized on the execution of a search warrant; (3) that the trial court erred in conveying a partisan impression in its questioning of the State's witness; (4) that the trial court erred in denying his motion for a new trial; (5) that the trial court committed plain error in the charge on self-defense; and (6) that the charge on reasonable doubt unconstitutionally diluted the State's burden of proof.  The appellate court considered Petitioner's arguments in light of the record and applicable law and found them to be without sufficient merit to warrant reversal or remand.  The decision of the trial court was affirmed.  A petition for certification to the Supreme Court was denied.

Petitioner then initiated a proceeding for Post-Conviction Relief ("PCR"). Before the PCR Court, Petitioner argued (1) that he was tried for a first degree robbery offense for which he was not indicted; (2) that he received ineffective assistance of counsel due to trial counsel's failure to move for dismissal of the robbery and felony murder counts at the close of the State's case and after the verdict was rendered as being against the weight of the evidence, or for insufficient evidence; and (3) that the merger of the counts in the Indictment was unconstitutional because it resulted in two murder convictions for one victim. The PCR Court denied Petitioner's application for post-conviction relief.

Petitioner appealed the PCR Court's determination and presented four alleged points of error, as well as three additional points in a supplemental brief. In his initial appeal of the PCR Court ruling, Petitioner argued: (1) that the PCR Court erred in denying his petition for post-conviction relief; (2) that the PCR Court erred in denying his petition for post-conviction relief because Petitioner established that it was improper for the trial court to proceed with the first degree robbery offense when the grand jury never returned a true bill for the charge; (3) that the PCR Court erred in denying his motion for post-conviction relief because he successfully demonstrated that his conviction for reckless manslaughter

4

should not have merged with his felony murder conviction; and
(4) Petitioner incorporated by reference the arguments contained
in his initial verified petition and in any pro-se supplemental
brief.

Then, in his pro se supplemental brief, Petitioner argued:
(1) that his conviction for first degree robbery was obtained in
violation of the constitution of the State of New Jersey and in
violation of his Fifth, Sixth and Fourteenth Amendment rights to
due process; (2) that the his conviction was in violation of his
Fourteenth Amendment right to due process; and he was denied a
fair trial pursuant to the Supreme Court's reasonable doubt
doctrine; and (3) that he was denied the right to a fair trial
and the right to due process because he was convicted of first
degree robbery under two separate theories.

The appellate court, relying on the reasoning set forth in
the PCR Court's letter Opinion, affirmed the PCR Court's
dismissal of the PCR petition.  The appellate court specifically
noted that the Superseding Indictment included a count for
robbery; that Petitioner was not deprived the effective
assistance of counsel; and that the sentencing mergers were
appropriate and, in fact, were not prejudicial to Petitioner.
State v. Still, No. A-2940-10T4, 2012 WL 6632791, at *3 (N.J.
Super. Ct. App. Div. Dec. 21, 2012).

With respect to the remaining arguments in the initial appeal and the arguments raised in Petitioner's supplemental brief, the appellate court determined that, pursuant to R. 2:11-3(e)(2), they lacked sufficient merit to warrant a discussion.

Petitioner then filed the instant habeas petition (ECF No. 1) pursuant to 28 U.S.C. § 2254.  In brief, he seeks relief on the following grounds: (1) Petitioner was deprived of due process and his right to a fair trial when he was tried for a robbery, and related felony murder, different from the one presented to the grand jury and described in the indictment; (2) Petitioner was deprived of his Sixth Amendment right to effective assistance of trial counsel by his counsel's failure to move for dismissal of the robbery and felony murder counts, for insufficient evidence, at the close of the State's case; (3) Petitioner was deprived of his right to due process by the merger of the robbery count into the felony-murder count for purposes of sentencing; and (4) Petitioner was deprived of due process by erroneous jury instructions on self-defense and reasonable doubt.

In an Order dated November 18, 2013 (ECF No. 2), Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  He did not respond to the Court's Order therefore, pursuant to the terms of that Order, the Petition was ruled upon as filed and an Answer was ordered (ECF No. 3).

Respondents filed their Answer (ECF No. 8), along with exhibits from the state court record.  Respondents admit that Petitioner has exhausted his first three grounds in state court, but contend that Petitioner failed to exhaust his available state remedies with respect to the fourth ground for relief.

Thereafter, Petitioner filed a Motion to Produce Documents (ECF No. 11).  On August 21, 2014, the Court denied Petitioner's Motion as well as his previous request for the appointment of pro bono counsel. (ECF No. 13).  Petitioner also filed his Traverse (ECF No. 12) to Respondents' Answer.

In the Traverse, Petitioner changes his arguments slightly and sets forth several new grounds for relief.  These new grounds are improperly raised because they were added after Petitioner had been advised of his obligation to bring one all-inclusive petition pursuant to <u>Mason</u>. <u>See</u> <u>Thompson v. Warren</u>, No. 11-7164, 2014 WL 3778738, at *11 (D.N.J. July 31, 2014) (barring petitioner's post-<u>Mason</u> claims where petitioner failed to comply with court's order regarding <u>Mason</u> Notice); <u>Boretsky v. Ricci</u>, No. 09-0771, 2012 WL 933318, at *1 (D.N.J. Mar. 20, 2012) (petitioner's affirmative response to <u>Mason</u> notice bars post-<u>Mason</u> claims) (citations omitted); <u>see also</u> <u>Bell v. City of Phila.</u>, 275 F. App'x 157, 160 (3d Cir. 2008) (a litigant cannot plead claims, state and/or support facts by any non-pleading

document, be it moving papers, an opposition to adversaries' motion, the litigant's traverse).

Petitioner then filed a Motion (ECF No. 14) seeking an Evidentiary Hearing with respect to Grounds 1 and 2 of his Petition.

II.   DISCUSSION

A. STANDARDS GOVERNING PETITIONER'S CLAIMS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

8

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09.

To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. See id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of

9

inferior federal courts. See Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal case law, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721–22 (3d Cir. 1989).

A. GROUND ONE

As his first basis for habeas relief, Petitioner asserts that the theory presented to the grand jury was limited to a robbery of cab fare from the victim, Martin. (Pet. 14, ECF No.

1).  Thus, Petitioner asserts that the State's presentation at trial of marijuana as the object of the robbery, and of Taliaferro as the subject of the robbery, violated Petitioner's due process rights.

    1. <u>Exhaustion</u>

    As an initial matter, the Court notes that this argument was not raised on direct appeal and differs from the claim Petitioner made in his initial petition for Post-Conviction Relief.  In the PCR Court, Petitioner argued simply that he was not indicted for robbery. (Resp't's Ex. 19, Brief in Support of PCR Pet. 7, ECF No. 9-5).  This claim was summarily rejected because the record showed that Count 3 of the Superseding Indictment clearly charged him with robbery.

    Here, however, Petitioner has refined his argument and now alleges a due process violation and a violation of his right to a fair trial.  Specifically, he asserts that the robbery theory advanced by the State during the trial was different than the theory presented to the grand jury which returned the indictment.  This is precisely the argument raised by trial counsel in the Motion for Acquittal made at the close of the State's case, discussed in Ground Two below.

    Additionally, Petitioner raised this same constitutional argument in his supplemental brief in support of his appeal of

the PCR Court's decision.[1] (Resp't's Ex. 27, Supp. Brief in Support of Appeal from PCR Denial 18-23, ECF No. 9-13).  The appellate court fully considered Petitioner's arguments, "including those presented in his supplemental brief," and, relying on N.J. Ct. R. 2:11-3(e)(2), determined that this claim lacked "sufficient merit to warrant discussion." State v. Still, No. A-2940-10T4, 2012 WL 6632791, at *3 (N.J. Super. Ct. App. Div. Dec. 21, 2012).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99, 131 S.

---

[1] To satisfy the exhaustion requirement, a federal habeas claim must have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Although Petitioner cites only state law cases in the portion of his Supplemental Brief devoted to this particular argument, it is evident that Petitioner fairly presented a federal due process claim to the state court.  Specifically, in the summary of "Point Three" — Petitioner's third supplemental ground for relief — Petitioner asserts that he was "denied the right to [a] fair trial and the right to due process of law[.] (Resp't's Ex. 27, Supp. Brief in Support of Appeal from PCR Denial at 18, ECF No. 9-13).  This language, which was prominently displayed as the heading for his ground for relief, was sufficient to put the state court on notice that Petitioner was arguing that the error violated federal due process requirements. Cf. Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995), cited in Keller v. Larkins, 251 F.3d 408, 414-15 (3d Cir. 2001) (finding that passing reference to the concept of a "fair trial" was insufficient to give fair notice of a federal due process claim).

Ct. 770, 784-85, 178 L. Ed. 2d 624 (2011).  Therefore, this claim has, in fact, been exhausted.  See Locust v. Ricci, No. 08-2713 (SRC), 2010 WL 1463190, at *12 (D.N.J. Apr. 12, 2010) (finding that claims raised only in PCR appeal brief and dismissed by appellate court as without sufficient merit to warrant discussion were exhausted).

   2. Merits Discussion

   Petitioner contends that the State impermissibly submitted to the jury that marijuana was the object of the theft and that Taliaferro was the victim of the robbery because he was not indicted on that theory.  In his Traverse (ECF No. 12), Petitioner alters his argument even further, and the focus of his challenge shifts from the different theory presented during trial, to the different theory presented in the jury instructions. (Traverse 7, ECF No. 12).

   As set forth above, this Court notes that Petitioner's new challenge to the jury instructions is improperly raised.  See Thompson, No. 11-7164, 2014 WL 3778738, at *11; see also Bell, 275 F. App'x at 160.  Additionally, due to the lapse in time from the date the Petition was filed, October 10, 2013, to the date the Traverse was filed, May 30, 2014, any such a claim may be untimely as beyond the one year period of limitations applicable to § 2254 habeas petitions by 28 U.S.C. § 2244(d).

Regardless, because the Court construes Petitioner's claim as a challenge to the notice provided in the indictment, it is irrelevant whether Petitioner compares the theory upon which he was indicted to the theory presented by the State at trial, or in the jury instructions. See Royce v. Hahn, 151 F.3d at 118 (noting a court's obligation to construe pro se submissions liberally).  For the reasons set forth below, Petitioner's argument fails under either theory of error.

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a).  Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. Estelle v. McGuire, 502 U.S. 62, 67–8, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); Riley v. Taylor, 277 F.3d 261, 310 n. 8 (3d Cir. 2001).  Because the Fifth Amendment right to a grand jury indictment does not apply to state criminal prosecutions,[2] federal courts conducting habeas review are confined "to a determination of whether due process requirements

---

[2] See Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); Hurtado v. California, 110 U.S. 516, 4 S. Ct. 111, 28 L. Ed. 232 (1884).

have been satisfied." <u>U.S. ex. rel Wojtycha v. Hopkins</u>, 517 F.2d 420, 425 (3d Cir. 1975).

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. amend VI.  This right applies to the states through the Fourteenth Amendment.  <u>In re Oliver</u>, 333 U.S. 257, 68 S. Ct. 499, 92 L. Ed. 682 (1948).  Consequently, a state prisoner has a right to adequate notice of the charges against which he must defend; and this general principle is well established in Supreme Court precedent. <u>See</u> <u>Gray v. Netherland</u>, 518 U.S. 152, 167, 116 S. Ct. 2074, 2083, 135 L. Ed. 2d 457 (1996); <u>Russell v. United States</u>, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); <u>In re Oliver</u>, 333 U.S. 257; <u>Cole v. Arkansas</u>, 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.").

Therefore, although a state is constitutionally free to dispense with the grand jury indictment altogether and may proceed on a prosecutor's information if it so chooses, <u>see</u> <u>United States ex rel. Wojtycha</u>, 517 F.2d at 425 (<u>citing</u> <u>Beck v.</u>

15

Washington, 369 U.S. 541, 545, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962)), a defendant remains entitled to proper notice of the charges he faces, whether by information or indictment. See e.g., Gray, 518 U.S. 152; Cole v. Arkansas, 333 U.S. 196.

In this case, however, Petitioner's due process argument is more nuanced than the simple claim that he was not afforded proper notice of the charges against him. Rather, Petitioner asserts that he was deprived of adequate notice by a prosecutorial decision to focus on a *different theory of liability* at trial than that which was presented to a grand jury for indictment. With respect to this more nuanced due process challenge, Petitioner has not pointed to a Supreme Court decision which establishes that the prosecution must present the same theory at trial as was presented to the grand jury for indictment. See Lopez v. Smith, 135 S. Ct. 1, 5, 190 L. Ed. 2d 1 (2014) ("Absent a decision of ours clearly establishing the relevant standard, the Ninth Circuit had nothing against which it could assess, and deem lacking, the notice afforded respondent by the information and proceedings.").

As discussed above, Petitioner's nuanced due process argument was rejected by the trial court when it was raised in Petitioner's Motion for Acquittal made at the close of the State's case. It was also summarily rejected by the Appellate Court upon review of the PCR Court's decision. Because there is

no Supreme Court precedent clearly establishing the relevant standard against which this Court can assess, and deem lacking, the notice afforded Petitioner by the indictment and proceedings, this Court has no basis to reject the state court's assessment that Petitioner was adequately apprised of the charges against him. See id.

Moreover, the record supports the state court's finding that Petitioner was afforded sufficient notice to satisfy the more general notice requirement set forth in Russell, In re Oliver, and Cole. See Russell, 369 U.S. at 763-64; In re Oliver, 333 U.S. at 273; Cole, 333 U.S. at 201.  These Supreme Court cases require, in general terms, that a defendant is entitled to notice of the charges against him.

Here, Count 3 of Superseding Indictment No. 02-03-0562, alleges that Petitioner

> in the course of committing a theft, did attempt to inflict serious bodily injury and/or did purposely inflict serious bodily injury upon CHARLES MARTIN; contrary to the provisions of N.J.S. 2C:15-1, and against the peace of this State, the government and dignity of the same.

(Resp't's Ex. 22, Opp. to PCR Pet. 7, ECF 9-8).

Thus, Count 3 of the Superseding Indictment clearly identified the charge against Petitioner, robbery; contained the elements of the offense charged; and protected against double jeopardy. See N.J. Stat. Ann. § 2C:15-1; State v. Sewell, 127

N.J. 133, 137, 603 A.2d 21, 23 (1992) (New Jersey robbery
statute entails two separate elements: a theft and an
accompanying injury or force); see also Russell, 369 U.S. at
763-64 (setting forth criteria by which the sufficiency of a
federal indictment is to be measured)[3].  Accordingly, the state
court's finding that Petitioner was sufficiently on notice of
the charges against him was not contrary to, or an unreasonable
application of, Supreme Court precedent. See Smith, 135 S. Ct.
1; Russell, 369 U.S. at 763-64; In re Oliver, 333 U.S. at 273;
Cole, 333 U.S. at 201.

Furthermore, the factual circumstances of this case are not
complex.  The charges against Petitioner involve only two
potential objects of the theft — cab fare or marijuana — and
only two potential subjects of the theft — Martin or Taliaferro.
This limited fact pattern further supports the state court's
finding that Petitioner was fairly apprised, not only of the

---

[3] This Court notes that Russell specifically addressed the
adequacy of a federal indictment and that the Supreme Court
clarified in Lopez v. Smith, 135 S. Ct. 1, 4, 190 L. Ed. 2d 1
(2014), that it has not established a specific standard by which
a court can evaluate notice afforded to a defendant in a state
indictment, information or proceedings.  This Court cites the
criteria set forth in Russell solely for the limited purpose of
determining whether the state court's finding regarding
sufficiency of notice in this case was contrary to, or an
unreasonable application of, the general proposition that a
defendant is entitled to notice of the charges against him
precedent.

charges against him, but of the basic facts upon which they were premised.

Also, a review of the grand jury transcript — which Petitioner cites in support of his contention that the theory presented to the grand jury was limited to a theft of cab fare from Martin — clearly establishes that marijuana, in addition to cab fare, was discussed as the object of the theft; and that both Taliferro and Martin were discussed as the subjects from whom the marijuana was taken:

> [Taliferro] indicated that <u>he and Martin</u> <u>they</u> had some marijuana or some blunts present at the location when this is occurring the, disagreement, on the table and at that point when cross and the unknown male at this time entered, they told them that basically they were going to — <u>they were going to take that marijuana</u>. They wanted — They wanted to smoke that marijuana and when verbally they resisted, that's when the guns were produced and the scuffle ensued and ended with the shooting of Martin.

(Resp't's Ex. 2, Atlantic County Grand Jury Transcript 11, Mar. 20, 2002, ECF 8-4) (emphasis added). Therefore, it is unclear how, or why, Petitioner concludes that his indictment was premised solely on a theory of theft of cab fare from the victim, Martin.[4]

---

[4] While Petitioner quotes transcript language in his Petition that allegedly supports his argument that he was only indicted on a theory of cab fare theft from the victim, Martin, the Court notes that this quoted language is taken from the grand jury proceedings related to his initial indictment. (Pet. 14, ECF No. 1). However, as described above, subsequent grand jury proceedings occurred and the initial indictment was superseded

To the extent Petitioner bases his argument on the text of the indictment itself and the fact that Taliaferro is not specifically named in the indictment, the Court notes that Petitioner has not cited to any Supreme Court law which requires that an indictment specify the identity of the victim of the theft committed in the course of a robbery. As discussed above, relevant Supreme Court precedent establishes solely a general proposition that a defendant is entitled to notice of the charges against him.

Moreover, with respect to this general notice requirement, Petitioner does not cite to any Supreme Court precedent which establishes that the level of notice he received in this case was inadequate. Instead, Petitioner cites Brecht v. Abrahamson, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993), and Beck v. Alabama, 447 U.S. 625, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980). Neither case supports Petitioner's request for habeas relief.

First, the issue in Brecht dealt with the state's improper use of a defendant's post-Miranda silence. See Brecht, 507 U.S. 619. In this case, no such issue exists; therefore Brecht is inapplicable.

---

by an indictment which included a charge for robbery. Therefore, the language cited by Petitioner in Ground One is not relevant to the issue Petitioner raises regarding the theory upon which he was indicted.

Likewise, the Court in <u>Beck</u> held that the death sentence may not be imposed where a jury was not permitted to consider a verdict of guilt of a lesser included, non-capital offense. <u>See Beck</u>, 447 U.S. at 627. Here, however, the death sentence was not imposed; thus, the state court's ruling did not contravene the decision in <u>Beck</u>. Moreover, Petitioner does not explain how the holding in <u>Beck</u> regarding lesser included offenses supports his argument that the jury was presented with either an improper theory during trial or improper jury instructions regarding robbery and theft.

Finally, the Court notes that Petitioner also cites to <u>Allen v. Lee</u>, 366 F.3d 319 (4th Cir. 2004), <u>United States v. Burley</u>, 460 F.2d 998 (3d Cir. 1972), and <u>Abu-Jamal v. Horn</u>, 520 F.3d 272 (3d Cir. 2008) cert. granted, judgment vacated sub nom. <u>Beard v. Abu-Jamal</u>, 558 U.S. 1143, 130 S. Ct. 1134, 175 L. Ed. 2d 967 (2010). In addition to the fact that these are not Supreme Court cases, these cases are factually distinguishable and do not address the issues that are presently before this Court. Thus, they provide no support for Petitioner's claims.

In summary, to succeed on his habeas claim, Petitioner must point to Supreme Court case law which establishes that he was deprived of adequate notice by a prosecutorial decision to focus on a different theory of liability at trial than that which was presented to a grand jury for indictment. However, the Supreme

Court's holding in <u>Smith</u> establishes that no precedent exists. 135 S. Ct. 1.  Similar to the Supreme Court's holding in <u>Smith</u>, this Court now determines that the general proposition that a defendant is entitled to notice of the charges against him "is far too abstract to establish clearly the specific rule [Petitioner] needs." <u>Smith</u>, 135 S. Ct. at 4.

The state court determined that Petitioner in this case was afforded adequate notice, the record supports that determination, and — most significant — no Supreme Court precedent exists against which this Court can specifically assess the validity of that determination.  Therefore, the state court's determination that Petitioner was fairly apprised of the charges against him was not contrary to, or an unreasonable application of, Supreme Court precedent and Petitioner is not entitled to habeas relief on this ground.

B. <u>GROUND TWO</u>

As his second ground for relief, Petitioner asserts an ineffective assistance of counsel claim based on trial counsel's alleged failure to move for dismissal at the close of the State's case and after the verdict was rendered.[5]

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's

---

[5] In his Traverse, Petitioner raises several new grounds for relief, including: (1) trial counsel's failure to properly

performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Here, Petitioner contends that his counsel should have moved for dismissal because the State failed to prove the specific allegations of the indictment involving only the victim Martin and the theft of cab fare — the argument set forth in Ground One of this Petition.  However, as the PCR Court noted,

> Petitioner's pro se argument is meritless because on March
> 31, 2003, at the close of the State's case, petitioner's
> trial counsel made a motion pursuant to R. 3:1 8-1 for
> acquittal on the felony murder count of the indictment.

(Resp't's Ex. 33, Letter Decision Denying PCR 11, Aug. 30, 2010, ECF No. 10-3).  Additionally, with respect to the robbery charge

---

challenge the constitutionality of the grand jury process; (2) trial counsel's poor legal advice which forced Petitioner to testify at his own trial; (3) trial counsel's failure to subpoena a witness; (4) appellate counsel's failure to raise certain issues on appeal; (5) trial counsel's failure to make the appropriate motion to dismiss the felony murder count; and (6) trial counsel's failure to lodge an objection during the State's opening remarks to the jury. (Traverse 12-16, ECF No. 12).

As noted above, however, these new grounds are improperly raised because they were added after Petitioner had been advised of his obligation to bring one all-inclusive petition pursuant to Mason, 208 F.3d 414.  See Thompson, No. 11-7164, 2014 WL 3778738 at *11; Boretsky, No. 09-0771, 2012 WL 933318, at *1; see also Bell, 275 F. App'x at 160.  Accordingly, this Court declines addressing these claims.

and Petitioner's allegation that trial counsel failed to move
for dismissal of the robbery and felony murder charges after the
verdict was rendered, the PCR Court stated,

> [t]rial counsel did make a motion to dismiss both of these
> charges at the end of the State's case.  In addition, trial
> counsel made a post-trial motion on the day of sentencing
> for a Judgment of Acquittal pursuant to R. 3:18
> Notwithstanding the Jury's Verdict.
> . . .
> Finally, on appeal defense counsel argued unsuccessfully
> that the trial court erred in denying these motions.

(Resp't's Ex. 33, Letter Decision Denying PCR 11, Aug. 30, 2010,
ECF No. 10-3).  Indeed, the record shows that Petitioner's trial
counsel made this motion. (Resp't's Ex. 35, Trial Transcript 78-
81, Mar. 31, 2003, ECF No. 10-5).

Because the record reveals that counsel performed the very
tasks which Petitioner alleges the failure to perform deprived
Petitioner of effective assistance, the PCR court rightly held
that Petitioner did not satisfy the requirements of Strickland.
Accordingly, Petitioner's argument is without merit and no
further discussion is warranted.  Petitioner's ineffective
assistance of counsel claim will be denied.

C. GROUND THREE

As his third basis for relief, Petitioner argues — as he
did in PCR Court — that he was improperly sentenced for two

separate murders.[6]  Petitioner asserts that the merger of the reckless manslaughter count and robbery count into the felony murder count somehow produced this result.  This Court notes that, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent. Whalen v. United States, 445 U.S. 684, 692, 100 S. Ct. 1432, 1438, 63 L. Ed. 2d 715 (1980) (citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306).  This prohibition on cumulative punishments does not come into play in this case, however, because Petitioner received only one sentence for the three merged counts.

The PCR Court addressed this issue, found the merger of the counts to be appropriate, and noted that the merger of the counts benefited Petitioner by reducing the number of crimes for

---

[6] In his Traverse, Petitioner's third ground for relief morphs from a challenge regarding sentencing to a challenge regarding jury instructions. (Traverse 17, ECF No. 12).  Specifically, Petitioner contends that "the trial court erred in giving proper jury instructions on the issue" of merger; and that, had proper instructions been given, the jury may "have found petitioner guilty of only second degree murder." Id.  This newly raised argument is entirely distinct from his previous Ground Three — a challenge to the sentence imposed — and, because it was raised in his Traverse, long after he was informed of his rights under Mason, it is improper and will not be addressed. See Thompson, No. 11-7164, 2014 WL 3778738 at *11; Boretsky, No. 09-0771, 2012 WL 933318, at *1; see also Bell, 275 F. App'x at 160.

which he was sentenced. (Resp't's Ex. 33, Letter Decision
Denying PCR 11, Aug. 30, 2010, ECF No. 10-3).

The Appellate Division also discussed Petitioner's claims
of improper merger of counts and sentencing in Petitioner's
appeal of his PCR hearing and added that, "[t]he mergers also
eliminate defendant's concern that he was found guilty of two
homicide offenses with only one homicide victim." State v.
Still, No. A-2940-10T4, 2012 WL 6632791, at *3 (N.J. Super. Ct.
App. Div. Dec. 21, 2012) (citing State v. Davis, 68 N.J. 69, 77
(1975) (noting "the prohibition against multiple punishment for
a single wrongdoing")).

Petitioner is simply mistaken in his assertion that
sentencing resulted "in convictions for two murders for one
victim." (Pet. 21, ECF No. 1).  It did not.  The transcript
makes clear that merger of the other counts ". . . leav[es] thus
count two, the felony, [and] count five, the unlawful possession
of a handgun as the ones that remain for appropriate sentence."
(Resp't's Ex. 15, Sentencing Trial Transcript 13, May 9, 2003,
ECF No. 9-1).  Petitioner was sentenced to a 45 year New Jersey
State Prison term for count two, and a concurrent 5 year New
Jersey state prison term for count five. Id. at 19.

Petitioner cites to no Supreme Court precedent which
prohibits merger of counts in this manner for sentencing

purposes.[7]  Accordingly, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the decisions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  His claim will be denied.

   D. GROUND FOUR

     As his final grounds for relief, Petitioner contends that he was deprived of his right to due process because of erroneous instructions to the jury on the charge of self-defense. Petitioner relies on the argument set forth in the brief filed by counsel on direct appeal.  Specifically, Petitioner asserts that the trial court's instruction that the jury "may" consider attendant excitement should have read that the jury "must" consider attendant excitement when considering the total

_____

[7] In his Traverse, Petitioner cites to Sandstrom v. Montana, 442 U.S. 510, 510, 99 S. Ct. 2450, 2452, 61 L. Ed. 2d 39 (1979), Patterson v. New York, 432 U.S. 197, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977), and Boyde v. California, 494 U.S. 370, 110 S. Ct. 1190, 108 L. Ed. 2d 316 (1990) in support of his Third Ground for relief. (Traverse 17, ECF No. 12).  These cases, however, address the burden of proof, burden shifting and jury instructions.  Therefore, they do not support Petitioner's argument that the state court erred in this case by merging counts for sentencing purposes.

circumstances and evaluating Petitioner's self-defense argument. (Resp't's Ex. 6, Brief in Support of Direct Appeal, 27-28, ECF No. 8-8).  Petitioner contends that this difference allowed for permissive consideration of a factor which should have been mandatory, and lessened the burden of proof required to find Petitioner guilty of the offense. <u>Id.</u>

With respect to this ground for relief, Respondents argue that Petitioner failed to exhaust available state remedies and, therefore, should be denied habeas relief.  However, as Petitioner points out in his Traverse, the record clearly indicates that Petitioner presented this argument on direct appeal. <u>Id.</u>  The supporting facts section of his Petition even refers to the appellate briefing.  Additionally, this issue was presented to the New Jersey Supreme Court for certification. (Resp't's Ex. 36, Letter in Lieu of Pet. For Cert., 2, ECF No. 10-6).  Notwithstanding Respondents' failure to respond to this ground for relief, Petitioner's claim will be denied.

With respect to jury instructions, the Supreme Court has stated:

> In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. <u>See</u> <u>Sandstrom v. Montana</u>, 442 U.S. 510, 520-521, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation.  The question is "'whether the ailing instruction ... so infected the entire

> trial that the resulting conviction violates due
> process.'" <u>Estelle v. McGuire</u>, 502 U.S. 62, 72, 112
> S.Ct. 475, 116 L.Ed.2d 385 (1991) (<u>quoting</u> <u>Cupp v.</u>
> <u>Naughten</u>, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d
> 368 (1973)).  "'[A] single instruction to a jury may
> not be judged in artificial isolation, but must be
> viewed in the context of the overall charge.'" <u>Boyde</u>
> <u>v. California</u>, 494 U.S. 370, 378, 110 S.Ct. 1190, 108
> L.Ed.2d 316 (1990) (<u>quoting</u> <u>Cupp</u>, supra, at 146-147,
> 94 S.Ct. 396).  If the charge as a whole is ambiguous,
> the question is whether there is a "'reasonable
> likelihood that the jury has applied the challenged
> instruction in a way' that violates the Constitution."
> <u>Estelle</u>, supra, at 72, 112 S.Ct. 475 (<u>quoting</u> <u>Boyde</u>,
> supra, at 380, 110 S.Ct. 1190).

<u>Middleton v. McNeil</u>, 541 U.S. 433, 437, 124 S. Ct. 1830, 1832,

158 L. Ed. 2d 701 (2004).

Moreover, "[a]n error in the jury instructions is not

grounds for habeas relief if the error is harmless."

<u>Pagliaccetti v. Kerestes</u>, 581 F. App'x 134, 136 (3d Cir. 2014)

cert. denied, 135 S. Ct. 1552 (2015) (<u>citing</u> <u>Yohn v. Love</u>, 76

F.3d 508, 522 (3d Cir. 1996)); <u>see also</u> <u>Brecht v. Abrahamson</u>,

507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353

(1993).  An error is harmless unless it "had substantial and

injurious effect or influence in determining the jury's

verdict." <u>Brecht</u>, 507 U.S. at 637.

In this case, in addressing this claim on direct appeal,

the appellate court stated:

> Here, defendant complains that the trial court erred
> in its charge on self-defense, which provided:

>> In your inquiry as to whether a defendant who
>> resorted to deadly force knew that an opportunity to

retreat with complete safety was available, the
total circumstances, including the attendant
excitement accompanying the situation <u>may</u> be
considered.

(emphasis added by defendant).

Defendant asserts that the Model Charge on self-
defense requires an instruction stating that "the
total circumstances including the attendant excitement
accompanying the situation <u>must</u> be considered."
(emphasis added).  In the context of the entire
charge, the instruction was adequate.  The charge
placed the burden of proof on the State to prove
beyond a reasonable doubt that the defendant knew he
could have retreated with complete safety.  The
substitution of "may" for "must" does not amount to
plain error under R. 2:10-2 nor do we believe it had
the capacity to mislead the jurors in their
deliberations.

We are convinced the verdict would not have changed if
"must" had been substituted for "may" in the quoted
sentence.  The disputed misstatement bearing on self-
defense obviously was not determinative since the jury
found defendant guilty of robbery, possession of a
firearm for an unlawful purpose, and unlawful
possession of a handgun, evidencing that the jury did
not believe defendant's version of Martin's death.
The jury simply did not accept defendant's assertion
that Martin was the aggressor, that Martin possessed
the only weapon, and that Martin was shot only once
during a tussle over that weapon.

<u>State v. Still</u>, No. A-5456-02T3, 2006 WL 848368, at *6-7 (N.J.

Super. Ct. App. Div. Apr. 3, 2006).

The state court properly determined that the substitution

of "may" for "must," when viewed in the context of the overall

charge, <u>see Boyde</u>, 494 U.S. at 378, did not rise to the level of

a due process violation. <u>See Estelle</u>, 502 U.S. at 72.  The jury

instructions made clear that the State remained obligated to

prove "beyond a reasonable doubt that the defense of self-defense [was] untrue." (Resp't's Ex. 13, Trial Transcript "Jury Instruction" at 61, April 3, 2003, ECF No. 8-15).  Thus, the use of "may" did not, as Petitioner argues, lessen the State's burden of proof.

Moreover, to the extent the substitution of "may" for "must" constituted an error in the jury instructions, the state court properly determined that such an error was harmless; thus, Petitioner is not entitled to habeas relief on this basis. See Davis v. Ayala, No. 13-1428, 2015 WL 2473373, at *10 (U.S. June 18, 2015); Brecht, 507 U.S. at 637, 113 S.Ct. 1710.  Testimony presented at trial supports a finding by the jury, not only that Petitioner knew he could retreat with complete safety, but that he was the aggressor. (Resp't's Ex. 8, Trial Transcript at 69-70, 172-174, March 26, 2003, ECF No. 8-10).  As the appellate court pointed out, the jury found Petitioner guilty of robbery, possession of a firearm for an unlawful purpose, and unlawful possession of a handgun — which is a clear indication that the jury simply did not accept Petitioner's version of the incident, specifically his assertion that he was acting in self-defense.

Given the evidence at trial indicating that Petitioner was the aggressor, and given the jury's findings of guilt on other counts — indicating that they believed Petitioner to be the aggressor — the state court was correct in its conclusion that

the allegedly erroneous jury instruction on self-defense did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637.

Thus, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the decisions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Based on a review of the record, this Court finds no basis to grant habeas relief on this ground.

### III. MOTION FOR EVIDENTIARY HEARING

In this case, Petitioner seeks an evidentiary hearing to show that: (1) Petitioner was deprived of due process and his right to a fair trial when he was tried for a robbery, and related felony murder, different from the one presented to the grand jury and described in the indictment; and (2) Petitioner was deprived of his Sixth Amendment right to effective assistance of trial counsel by his counsel's failure to move for dismissal of the robbery and felony murder counts, for insufficient evidence, or for the verdict being against the weight of the evidence.

With respect to these grounds for relief, the record shows that these issues were adjudicated and denied on the merits by the state courts, as discussed above.  Therefore, the facts necessary for a determination of Petitioner's claims can be fully discerned from the available state court record, see 28 U.S.C. § 2254(e)(2), and, as illustrated herein, this Court determines that the asserted claims are lacking in substantive merit.

Accordingly, Petitioner's request for an evidentiary hearing is denied as moot.


IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct.

1029, 154 L.Ed.2d 931 (2003) (citation omitted), cited in <u>Eley</u>
<u>v. Erickson</u>, 712 F.3d 837, 845 (3d Cir. 2013).

Here, jurists of reason would not disagree with this
Court's resolution of Petitioner's claims.  No certificate of
appealability will issue.


V.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition for a Writ of
Habeas Corpus under Title 28 U.S.C. § 2254 will be denied.  An
appropriate Order follows.

<pre>
                         __s/ Noel L. Hillman_____
                         NOEL L. HILLMAN
                         United States District Judge
Dated: June 26, 2015
At Camden, New Jersey
</pre>